1 | **GLUCK LAW FIRM**
2 | Jeffrey S. Gluck (SBN 304555)
  | jeff@gluckip.com
3 | 16950 Via De Santa Fe
4 | Rancho Santa Fe, California 92067
  | Telephone: (310) 776-7413
5 |
6 | **DONIGER / BURROUGHS**
  | Scott Alan Burroughs (SBN 235718)
7 | scott@donigerlawfirm.com
8 | Frank R. Trechsel (SBN 312199)
  | ftrechsel@donigerlawfirm.com
9 | 603 Rose Avenue
10 | Venice, California 90291
   | Telephone: (310) 590-1820
11 | Attorneys for Plaintiffs
12 |
13 | **UNITED STATES DISTRICT COURT**
14 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK GRIFFIN, successor in interest to SEAN GRIFFIN, pka "NEKST", a deceased individual; ROBIN RONN, pka "BATES", an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GUESS ?, INC., a Delaware corporation; MACY'S, INC., a Delaware corporation, and DOES 1-10, inclusive;<br><br><br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>**I. Unfair Competition under Section 43(a) of The Lanham Act, False Endorsement (15 U.S.C. § 1125(a));**<br>**II. Unfair Competition under California Business and Professions Code §§ 17200, et seq.;**<br>**III. Unfair Competition under California Common Law;**<br>**IV. Relief for Violation of California Civil Code § 3344;**<br>**V. Misappropriation of Likeness under California Common Law;**<br>**VI. Copyright Infringement; and**<br>**VII. Violation of 17 U.S.C. § 1202**<br><br>**JURY TRIAL DEMANDED** |

1 - COMPLAINT

Plaintiffs Patrick Griffin, successor in interest to Sean Griffin, professionally known as (and referred to here as) "NEKST;" and Robin Ronn, professionally known as (and referred to here as) "BATES" (collectively, the "Artists") hereby complain against Defendants GUESS? INC., MACY'S, INC., and DOES 1-10, inclusive, (collectively referred to herein as "GUESS" or "Defendants"), as follows.

## SUMMARY OF THE CASE

1.  NEKST and BATES are well-known graffiti artists. As such, their "tags" – artwork reflecting among other things their elaborately expressed signatures or names – are their primary calling cards and source identifiers of their artwork and themselves. NEKST in particular is universally recognized as a pioneer of street art; and any fan would instantly recognize his tag.[1] BATES is not far behind. Representative examples of Artists' tags in their well-known signature styles are shown below:

**BATES**  **NEKST**



---

[1] Street art is no longer a small or alternative segment of the art world. It is legitimate art, certainly deserving of the customary copyright protection afforded to the visual arts. Indeed, it is fair to say that more people are enthusiasts of street art today than of any other genre, including French Impressionism and abstract expressionism. This is not to say that street art is only for the masses. Many museum shows have been devoted to the subject, including the Los Angeles Museum of Contemporary Art's groundbreaking *Art in the Streets* exhibition in 2011, which has been estimated to be the best attended exhibit in the museum's history. *Art in the Streets*, *available at* https://en.wikipedia.org/wiki/Art_in_the_Streets. The most famous street artist is Banksy, whose works can sell for millions of dollars, and are often extracted from random walls on which they appear.

2. Defendant GUESS has inexplicably, and without notice, let alone consent, prominently splashed Artists' work across their apparel in a transparent effort to lend credibility and an air of urban cool to their apparel by coopting the Plaintiffs' special combination of graffiti style and street art bona fides. In doing so, GUESS seeks to convey that Artists are affiliated with and endorse both GUESS and its apparel. Examples of the infringing products (implementing verbatim and mechanical copies of the Artists' work) are below:

  

3. GUESS's suggestion of an association with Artists (and their recognized independent artistic integrity) is of course false and misleading. Besides defrauding its customers and thereby generating huge revenues based on the purported affiliation with the Artists, GUESS's false claims of endorsement and affiliation harms Plaintiffs' reputations by causing the world to think that they (or their estate in the case of NEKST, who is deceased) are corporate sellouts, willing to trade their artistic independence, legacy, and credibility for a quick buck, which could not be further from the truth. NEKST in particular represents a sacrosanct figure that GUESS freely defiles. During his life, NEKST worked tirelessly to keep his work authentic and artistically unassailable—and he would be turning over in his grave if he could see what is currently on offer from GUESS.

4.    That GUESS is the corporate manufacturer in question makes these violations all the worse. Not only is it well known as a mass-market, lowest-common-denominator type brand—and a "has been" one at that—GUESS has recently been all over the news, depicted in a manner conclusively demonstrating its disregard for the integrity of independent artists' work.

5.    Indeed, GUESS is known as a brand that buoys its public standing and credibility by exploiting authentic street artists frequently. Just last month, legendary street artist Banksy accused GUESS of misappropriating his artwork for use on clothing, without authorization. As widely reported by almost all media outlets, including the [BBC](), GUESS has advertised a new collection "with graffiti by Banksy," in spite of the fact that Banksy did not give permission for such use—and Banksy subsequently challenged consumers to boycott the brand for its disregard for the work of independent artists. Not only does the Banksy incident exactly parallel the plight of the Artists in this case—involving misappropriation of street art for use on cheap apparel—the "call-out" by Banksy also further debased GUESS's already negative reputation. This makes the damage of the false association with Plaintiffs, as suggested by GUESS, extremely damaging.

6.    GUESS' unsanctioned commercial exploitation steals the Artists' work and namesakes as though they were just another fast fashion commodity to sell t-shirts—to be fashioned as GUESS sees fit—to boost revenues from the hip street art demographic without seeking permission or a license. GUESS continues to market, publish, and sell the infringing products despite continued requests to cease and desist from the Artists.

## JURISDICTION AND VENUE

7.    This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Sections 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more

specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

8. Defendants are subject to the personal jurisdiction of the Court because their products, including these infringing fashion products which form the subject matter of this action, were distributed in, and expressly marketed to, California residents and retailers, and in particular residents of this District. On information and belief, Defendants avail themselves of sales into this California District, via online sales and through brick-and-mortar shops; and specifically target retail and wholesale customers in the West Coast market (which is chiefly California) through a network of sales representatives, showrooms, and trade shows. On information and belief, Defendants have sold infringing products in California. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) for the same reasons.

**THE PARTIES**

9. Plaintiff Patrick Griffin, an individual residing in Stamford Connecticut, and is successor in interest of Sean Griffin (professionally known as "NEKST"), a deceased individual, with respect to legal claims stated in this action. NEKST was a prolific artist and is considered one of the most influential figures in the street art world.

10. Plaintiff Robin Ronn, professionally known as "BATES," is an individual residing in Denmark. BATES has been painting for over three decades throughout the world. He is a sought after live performer and lecturer, having been invited to paint in over thirty countries. His work has been featured in several books, including "*The History of American Graffiti*;" and his paintings are represented in both private and corporate collections across the globe in cities like Copenhagen,

Los Angeles, New York, Paris, Stockholm, Malmo, Chicago and Berlin.

11. Defendant GUESS is a corporation formed in Delaware with its corporate headquarters located at 1444 South Alameda Street in Los Angeles, California 90021.

12. Defendant Macy's, Inc. ("Macy's") is corporation formed in Delaware with its corporate headquarters located at 151 West 34th Street in New York, NY 10001. Macy's has marketed and sold the infringing goods produced by GUESS, which are the subject of this litigation.

13. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiffs are informed and believe, and thereon allege, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by their conduct. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged, and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiffs for the conduct complained of herein.

## GENERAL ALLEGATIONS

14. Artwork reflecting "tags" is a corner stone of street art culture[2]—which is now trumpeted not just in popular culture but in scholarly books and major museum exhibitions. Street art and graffiti always reference and harken back to their cultural origins, in which youths from marginalized groups spray-painted their (coded) identities on subway cars or abandoned buildings, as a way of expressing to

---

[2] One can observe the importance of tags in the ascendance of graffiti and street art culture as far back as the early 1980s, as depicted by the street art history film of great repute, *Wild Style*. *See*, *e.g.*, https://www.vulture.com/2020/09/the-timeless-honesty-of-wild-style-the-first-hip-hop-movie.html

the world that they exist and matter. Indeed, in street art, calling out one's name is often central to the work, as a way for individual members of marginalized groups to claim agency and identity. Within the traditions and conventions of contemporary art, consumers are accustomed to recognizing street art incorporating signatures, or tags, as indictors of source.

15. Against this backdrop, Defendants' craven use of Plaintiffs' tags to sell their mass-market apparel suggest complete indifference and considerable disrespect to the Artists' reputations and credibility, and further, to the entire culture and history of street art. The Artists are demeaned and their reputations diminished by a false association with an entity implementing such deplorable disregard for legends of street art like Banksy. In a culture where association with philistines is a death knell, historical street artists like Plaintiffs hold their artistic integrity dear enough to die for it. GUESS knowingly violated this sacrosanct space to sell some t-shirts at the expense of the Artists' legacy.

16. Defendants knew, or should have known, that seeking a license from the Artists to use their name and copyrighted artwork was a condition precedent to trying to make money using their names and copyrighted artwork. Defendants instead chose to *surreptitiously* move forward with commercializing their personas and signatures without permission, or any attempts to license the Artists' intellectual property at all, hoping that the Artists would not become aware of Defendants' misconduct.

17. Due to Defendants' misconduct as alleged herein, Plaintiffs' reputations, and thus the financial value of their work, and active career in the case of BATES, have been irreparably harmed, diminished, and tarnished—reducing the value of their work and personal brands, and causing decreased revenue in the future from other potential uses of their personas.

18. Defendants continue to sell and advertise the subject apparel despite the Artists' demands to cease and desist.

19. Macy's too benefitted from the misappropriation and infringement in numerous ways, including but not limited to the following: (1) they enjoyed the increased sales generated by the use; (2) the association with the Artists increased the value, goodwill, image, and positioning of the Macy's brand; and (3) the Artists' name and artwork market Macy's to a hard-to-reach demographic of street art connoisseurs that the brand's relatively bland image would not otherwise reach.

20. GUESS benefitted from the misappropriation and infringement in numerous ways, including but not limited to the following: (1) they enjoyed the increased sales generated by the use; (2) the association with the Artists increased the value, goodwill, image, and positioning of the GUESS brand; and (3) the Artists' name and artwork market GUESS to a hard-to-reach demographic of street art connoisseurs that the brand's relatively bland image would not otherwise reach.

21. Plaintiffs have sustained significant injury and monetary damages due to Defendants' wrongful acts as alleged in this Complaint. Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts. To determine the full extent of such damages, including such profits of Defendants as may be recoverable, Plaintiffs will require an accounting from each Defendant of all monies generated from their wrongful conduct.

22. Plaintiffs are informed and believe, and thereon allege, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiffs, and depriving Plaintiffs of their legal rights; was, and is, despicable conduct that subjects Plaintiffs to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiffs are entitled to an award of punitive or exemplary damages.

23. Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiffs, unless

preliminarily and permanently enjoined and restrained by the Court.

## First Claim for Relief for Unfair Competition under Section 43(a) of The Lanham Act, False Endorsement (15 U.S.C. § 1125(a))
### (By BATES and NEKST, against all Defendants)

24. Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

25. The Artists' signatures and names have secondary meaning, as that term is understood in trademark law. As described above, Defendants have falsely used artwork reflecting the Artists' names and signatures on apparel, creating the false impression that the Artists endorse GUESS and Macy's. Members of the public have come to recognize the Artists' signatures and names as suggestive of the Artists' involvement or endorsement when they are used in commerce. Defendants made a calculated and underhanded effort to promote their products and attract customers using the goodwill and recognition that many have come to associate with the Artists' names and the Artists' signatures, thereby generating revenue for Defendants.

26. The goodwill and reputation associated with the Artists' names and signatures are significant throughout the general public. The Artists' names and signatures are known throughout the United States, the State of California, and the world, as a source of origin for their artwork, services and endorsements.

27. Defendants' use of the Artists' names and signatures is designed to create and does create the false and deceptive commercial impression that Defendants and their products are associated with and/or endorsed by the Artists. The use by Defendants of the Artists' names, artwork, and signatures is likely to cause confusion, mistake, or deception of purchasers as to the Artists' endorsement of the goods.

28. Customers and potential purchasers are likely to be attracted to Defendants' goods as a result of the misconduct described herein. Such goods enjoy

an elevated standing as a result of a false association with the Artists.

29. By Defendants' conduct alleged here, Defendants have wrongfully appropriated for itself business and goodwill value that properly belongs to the Artists and that the Artists have invested time, money, and energy in developing.

30. By reason of Defendants' acts of unfair competition as alleged herein, the Artists have suffered and will continue to suffer substantial damages to their businesses in the form of diversion of trade, loss of profits, and a dilution in the value of her rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

31. By virtue of Defendants' acts hereinabove described, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, *inter alia*, 15 U.S.C. § 1125(a).

32. Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to the Artists (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to the Artists, and to the goodwill associated with the Artists' valuable and well-known names and signatures; and the Artists' business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

33. The Artists have no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to engage in the wrongful conduct herein described.

34. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for the Artists' rights. The Artists are therefore entitled to punitive damages in additional to actual and statutory damages as allowed by law.

**Second Claim for Relief for Unfair Competition under**
**California Business and Professions Code §§ 17200, *et seq*.**

**(By BATES and NEKST, against all Defendants)**

35. Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

36. Defendants, by means of the conduct described above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding Defendants' association with Plaintiffs, and (b) the general public and trade is likely to be confused regarding the business relationship between the Artists and Defendants. Further, without limiting the generality of the foregoing, the harm to the Artists and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

37. The Artists have sustained, and will continue to sustain, serious and irreparable injury to their businesses and reputation, as a direct and proximate result of Defendants' conduct (as described above). Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which the Artists are without an adequate remedy at law. Accordingly, the Artists are entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

38. As a direct result of Defendants' unlawful, unfair, fraudulent, and

deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and the Artists are entitled to disgorgement of such funds wrongfully obtained.

39.     By reason of Defendants' acts of unfair competition as alleged herein, the Artists have suffered and will continue to suffer substantial damage to their businesses in the form of loss of profits, and a dilution in the value of their rights and reputations, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

40.     The Artists are also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

41.     In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for the Artists' rights. The Artists are therefore entitled to punitive damages in additional to actual and statutory damages as allowed by law.

42.     Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to the Artists' valuable business relationships and consumer relations and will require the Artists to undertake efforts to mitigate damage to such relations, all to the Artists' detriment.  Further, such mitigation costs will require substantial time, effort, and expenditures by the Artists, all to the Artists' detriment.

**Third Claim for Relief for Unfair Competition under**

**California Common Law**

**(By BATES and NEKST, against all Defendants)**

43.     Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

44. The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

45. As a result of Defendants' actions, the Artists have been damaged in an amount to be proven at trial.

**Fourth Claim for Relief for Violation of California Civil Code § 3344**

**(By NEKST AND BATES, against all Defendants)**

46. Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

47. California Civil Code § 3344(a) provides:

"Any person who knowingly uses another's **name**, voice, **signature**, photograph, or likeness, in any manner on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs." (emphasis added)

48. Defendants' conduct alleged above, constitutes a violation of Section 3344 of the California Civil Code, because Defendants knowingly used Plaintiffs' respective names and/or signatures for commercial purposes without authorization.

49. Each such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods, or services by Defendants, such that prior consent was required.

50. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

51. Plaintiffs are informed and believes and based thereon alleges that Defendants, in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs. By reason thereof, Plaintiffs is entitled to recover statutory, punitive, and exemplary damages from Defendants, in an amount to be determined at the time of trial.

52. Plaintiffs seek actual and statutory damages under this section, as well as their costs and attorneys' fees. They also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of his name or persona for Defendants' advantage.

**Fifth Claim for Relief for Misappropriation of Likeness under California Common Law**

**(By both Plaintiffs, against all Defendants)**

53. Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

54. Defendants' conduct alleged above, constitutes a violation of the Artists' common law rights of publicity and privacy, because Defendants knowingly used the Artists' names and signatures for their advantage and without authorization.

55. The Artists are informed and believe and based thereon allege that Defendants in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on the Artists, and with willful and deliberate disregard for the consequences to the Artists. By reason thereof, the Artists are entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

56. The Artists also seek a preliminary and permanent injunction to prohibit Defendants from any further use of the Artists' names and signatures for Defendants' advantage. They also seek actual damages.

## Sixth Claim for Copyright Infringement
## (By BATES, against all Defendants)

57. Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

58. The BATES work, as shown in the image above, is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The image was registered with the United States Copyright Office effective September 12, 2023 (United States Copyright Registration Number VA-000-2363788). Plaintiff Ronn is the sole owner of all rights, title, and interest in and to the copyright.

59. Subsequent to the creation of the artwork and (on information and belief) with full knowledge that they required the permission of the copyright holder, Defendants infringed the copyright by copying and reproducing the artwork as described above in order to enhance their brand image, and attract customers, and trade off of Plaintiff's hard-earned goodwill. All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

60. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as

1 described above, all in amounts that are not yet ascertainable but not less than the
2 jurisdictional minimum of this court. As a result of Defendants' misconduct as
3 alleged herein, Plaintiff's reputation and career has been irreparably tarnished,
4 diminishing the value of Plaintiff's works, and decreasing revenue derived from his
5 work.

6      61.    By reason of its infringement of Plaintiff's copyright as alleged herein,
7 Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a
8 result of the infringement, and for any of Defendants' profits directly or indirectly
9 attributable to such infringement.

10      62.    Defendants' copying was willful, as alleged above.

**Seventh Claim for Relief for Violation of 17 U.S.C. § 1202**

**(By BATES and NEKST, against all Defendants)**

13      63.    Plaintiff incorporates by this reference all prior paragraphs as if set
14 forth in full in this cause of action.

15      64.    Section 1202(a) of the Digital Millennium Copyright Act ("DMCA")
16 provides that "no person shall knowingly and with the intent to induce, enable,
17 facilitate, or conceal infringement- (1) provide copyright management information
18 that is false, or (2) distribute or import for distribution copyright management
19 information that is false." 17 U.S.C. § 1202(a). The GUESS apparel pictured above
20 contains copyright management information protected under 17 U.S.C. Section
21 1202(b), including Plaintiff's signature. And17 U.S.C. § 1202(b), forbids the
22 intentional removal or alteration of any copyright management information
23 ("CMI").

24      65.    As alleged above, Defendants provided false copyright management
25 information (namely, Plaintiff's tags) with respect to the subject apparel. Defendants
26 did so in order to facilitate and enable the infringement alleged above.

27      66.    Defendants intentionally provided false copyright management
28 information, as alleged above. In doing so, they removed Plaintiffs' work from the

context in which it was created, and removed and altered Plaintiffs' CMI in doing so.

67. Defendants' removal of Plaintiffs' CMI, falsification of their CMI, and distribution of production bearing false CMI, was done without Plaintiff's knowledge or authorization. Defendants' conduct violate 17 U.S.C. Section 1202.

68. On information and belief, Defendants' falsification of copyright management information was done intentionally, knowingly, and with the intent to facilitate and enable Defendants' copyright infringement alleged above.

69. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as alleged above. Plaintiff is at present unable to ascertain the full extent of the monetary damages he has suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable under 17 U.S.C. Section 1203, Plaintiff requires an accounting from each Defendant of all monies generated from their wrongful falsification, alteration, and removal of Plaintiff's copyright management information. In the alternative, Plaintiff elects to recover statutory damages pursuant to 17 U.S.C. Section 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. 1202.

70. Upon information and belief, Defendant distributed the Infringing Product with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiffs' rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

71. Defendant engaged in these activities without the consent or authorization of Plaintiff.

72. Plaintiff has been injured and will continue to suffer injury as a result of Defendants' violations of 17 U.S.C. § 1202 and is entitled to injunctive relief, impoundment of the infringing products, statutory and monetary damages, costs and attorneys' fees according to proof.

# PRAYER

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

1. That Plaintiffs are awarded all damages, including future damages, that Plaintiffs have sustained, or will sustain, due to the acts complained of herein, subject to proof at trial;

2. That Plaintiffs are awarded their costs and expenses in this action;

3. That Plaintiffs are awarded their attorneys' fees;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be ordered to immediately recall and remove all subject advertisements from all remaining locations, physical or digital;

6. That Defendants be ordered to file with this Court and serve upon Plaintiffs' counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7. For disgorgement of all proceeds, and restitution of the monies wrongfully received by Defendants as the result of their wrongful conduct;

7. That Plaintiffs be awarded statutory, actual, and exemplary damages, including without limitation as available under 17 U.S.C. § 1203, Cal.Civ.Code § 3334, and the Lanham Act.

8. That Plaintiffs are awarded punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

9. For further relief, as the Court may deem appropriate.

|    |                          |     |                           |
|----|--------------------------|-----|---------------------------|
|    |                          |     | Respectfully submitted,   |
| Dated: January 12, 2024 | | By: | */s/ Jeffrey S Gluck* |

Jeffrey S. Gluck, Esq.
GLUCK LAW FIRM
Attorneys for Plaintiffs

Dated: January 12, 2024        By:        */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on their claims on all issues triable by a jury.

Respectfully submitted,

Dated: January 12, 2024        By:        */s/ Jeffrey S Gluck*
Jeffrey S. Gluck, Esq.
GLUCK LAW FIRM
Attorneys for Plaintiffs

Dated: January 12, 2024        By:        */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiffs