JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone:  (213) 291-9800
Facsimile:   (213) 277-5373

TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 839-8500
Facsimile:   (213) 277-5373

Attorneys for Defendants
GUESS?, INC. and MACY'S, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK GRIFFIN, successor in interest to JOHN MICHEL "SEAN" GRIFFIN, pka "NEKST," a deceased individual; ROBIN RONN, pka "BATES," an individual; THOMAS STAVNES, pka "REMIO," an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GUESS?, INC., a Delaware corporation; MACY'S, INC., a Delaware corporation, and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 2:24-cv-00318-MRA (ASx)<br><br>**DEFENDANT MACY'S, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br><br>Judge: Mónica Ramírez Almadani<br>Magistrate Judge: Alka Sagar |

COMES NOW Defendant Macy's, Inc. ("Defendant"), and for its Answer to the First Amended Complaint ("FAC") of Patrick Griffin, successor in interest to John Michel "Sean" Griffin ("NEKST"), Robin Ronn ("BATES"), and Thomas Stavnes ("REMIO") (collectively, "Plaintiffs") herein admits, denies, and avers as follows:

## SUMMARY OF THE CASE

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same on that basis.

2. Defendant denies each and every allegation in Paragraph 2.

3. Defendant denies each and every allegation in Paragraph 3.

4. Defendant denies each and every allegation in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies the same on that basis.

6. Defendant denies each and every allegation in Paragraph 6.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 purport to state a legal conclusion to which no answer is required; if answer is required, Defendant admits that this action purports to invoke the Court's subject matter jurisdiction pursuant to the statutes cited.

8. The allegations in Paragraph 8 purport to state legal conclusions to which no answer is required; if answer is required, Defendant admits that this action purports to invoke the Court's personal jurisdiction and venue pursuant to the statutes cited. Defendant denies all remaining allegations in Paragraph 8.

## THE PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore denies the same on

that basis.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies the same on that basis.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies the same on that basis.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies the same on that basis.

13. In answer to Paragraph 13, Defendant admits and alleges that Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 151 West 34th Street, New York, New York 10001. Defendant denies all remaining allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies the same on that basis.

## GENERAL ALLEGATIONS

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies the same on that basis.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies the same on that basis.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies the same on that basis.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies the same on that basis.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies the same on that basis.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies the same on that basis.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22.

23. Defendant denies each and every allegation in Paragraph 23.

24. Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies each and every allegation in Paragraph 26.

27. Defendant denies each and every allegation in Paragraph 27.

28. Defendant denies each and every allegation in Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies the same on that basis.

30. Defendant denies each and every allegation in Paragraph 30.

31. Defendant denies each and every allegation in Paragraph 31.

32. Defendant denies each and every allegation in Paragraph 32.

**First Claim for Relief for Unfair Competition under Section 43(a) of The Lanham Act, False Endorsement (15 U.S.C. § 1125(a))**

**(By BATES, REMIO, and NEKST, against all Defendants)**

33. In answer to Paragraph 33, Defendant incorporates by reference each and every admission, denial, and allegation set forth in its response to Paragraphs 1

through 32, inclusive, of the FAC.

34. Defendant denies each and every allegation in Paragraph 34.

35. Defendant denies each and every allegation in Paragraph 35.

36. Defendant denies each and every allegation in Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

38. Defendant denies each and every allegation in Paragraph 38.

39. Defendant denies each and every allegation in Paragraph 39.

40. Defendant denies each and every allegation in Paragraph 40.

41. Defendant denies each and every allegation in Paragraph 41.

42. Defendant denies each and every allegation in Paragraph 42.

43. Defendant denies each and every allegation in Paragraph 43.

**Second Claim for Relief for Unfair Competition under**

**California Business and Professions Code §§ 17200, *et seq*.**

**(By BATES, REMIO, and NEKST, against all Defendants)**

44. In answer to Paragraph 44, Defendant incorporates by reference each and every admission, denial, and allegation set forth in its response to Paragraphs 1 through 43, inclusive, of the FAC.

45. Defendant denies each and every allegation in Paragraph 45.

46. Defendant denies each and every allegation in Paragraph 46.

47. Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

49. Defendant denies each and every allegation in Paragraph 49.

50. Defendant denies each and every allegation in Paragraph 50.

51. Defendant denies each and every allegation in Paragraph 51.

**Third Claim for Relief for Unfair Competition under**

**California Common Law**

**(By BATES, REMIO, and NEKST, against all Defendants)**

52. In answer to Paragraph 52, Defendant incorporates by reference each

and every admission, denial, and allegation set forth in its response to Paragraphs 1 through 51, inclusive, of the FAC.

53. Defendant denies each and every allegation in Paragraph 53.

54. Defendant denies each and every allegation in Paragraph 54.

**Fourth Claim for Relief for Violation of California Civil Code § 3344 & 3344.1**

**(By NEKST, REMIO, and BATES, against all Defendants)**

55. In answer to Paragraph 55, Defendant incorporates by reference each and every admission, denial, and allegation set forth in its response to Paragraphs 1 through 54, inclusive, of the FAC.

56. The allegations in Paragraph 56 purport to state a legal conclusion to which no answer is required; if answer is required, Defendant admits that this Paragraph purports to quote the referenced statute but denies that Defendant has violated the statute or committed any other wrongful act or omission against Plaintiffs.

57. The allegations in Paragraph 57 purport to state a legal conclusion to which no answer is required; if answer is required, Defendant admits that this Paragraph purports to quote the referenced statute but denies that Defendant has violated the statute or committed any other wrongful act or omission against Plaintiffs.

58. Defendant denies each and every allegation in Paragraph 58.

59. Defendant denies each and every allegation in Paragraph 59.

60. Defendant denies each and every allegation in Paragraph 60.

61. Defendant denies each and every allegation in Paragraph 61.

62. Defendant denies each and every allegation in Paragraph 62, and further denies that Plaintiffs are entitled to any of the remedies requested therein.

**Fifth Claim for Relief for Misappropriation of Likeness under California Common Law**

**(By BATES and REMIO, against all Defendants)**

63. In answer to Paragraph 63, Defendant incorporates by reference each and every admission, denial, and allegation set forth in its response to Paragraphs 1 through 62, inclusive, of the FAC.

64. Defendant denies each and every allegation in Paragraph 64.

65. Defendant denies each and every allegation in Paragraph 65.

66. Defendant denies each and every allegation in Paragraph 66, and further denies that Plaintiffs are entitled to any of the remedies requested therein.

**Sixth Claim for Relief for Copyright Infringement**

**(By BATES, against all Defendants)**

67. In answer to Paragraph 67, Defendant incorporates by reference each and every admission, denial, and allegation set forth in its response to Paragraphs 1 through 66, inclusive, of the FAC.

68. In answer to Paragraph 68, Defendant admits and alleges that Plaintiff Ronn purports to be the owner of federal copyright registration number VA-000-2363788 and that said registration speaks for itself. Defendant denies the remaining allegations of Paragraph 68, and further specifically denies that "[t]he BATES work … constitutes copyright subject matter under the laws of the United States."

69. Defendant denies each and every allegation in Paragraph 69.

70. Defendant denies each and every allegation in Paragraph 70.

71. Defendant denies each and every allegation in Paragraph 71.

72. Defendant denies each and every allegation in Paragraph 72.

**Seventh Claim for Relief for Violation of 17 U.S.C. § 1202**

**(By BATES, REMIO, and NEKST, against all Defendants)**

73. In answer to Paragraph 73, Defendant incorporates by reference each and every admission, denial, and allegation set forth in its response to Paragraphs 1 through 72, inclusive, of the FAC.

74. Defendant denies each and every allegation in Paragraph 74.

75. Defendant denies each and every allegation in Paragraph 75.

76. Defendant denies each and every allegation in Paragraph 76.

77. Defendant denies each and every allegation in Paragraph 77.

78. Defendant denies each and every allegation in Paragraph 78.

79. Defendant denies each and every allegation in Paragraph 79, and further denies that Plaintiffs are entitled to any of the remedies requested therein.

80. Defendant denies each and every allegation in Paragraph 80.

81. Defendant denies each and every allegation in Paragraph 81.

82. Defendant denies each and every allegation in Paragraph 82.

**RESPONSE TO PRAYER**

Defendant denies that Plaintiffs are entitled to any relief whatsoever and denies all allegations contained in Paragraphs 1 through 9 of Plaintiffs' Prayer.

**AFFIRMATIVE DEFENSES**

AS AND FOR ITS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1. The FAC fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

2. Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use, including without limitation pursuant to 17 U.S.C. § 107.

## THIRD AFFIRMATIVE DEFENSE
### (Public Domain)

3. Plaintiffs' claims are barred, in whole or in part, because the materials allegedly used by Defendant are in the public domain.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, Consent, or Estoppel)

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, consent, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (License)

5. Plaintiffs' claims are barred, in whole or in part, because the conduct of which Plaintiffs complain was impliedly licensed and/or authorized.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

7. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing to assert their claims.

## EIGHTH AFFIRMATIVE DEFENSE
### (Invalid Copyrights)

8. The copyright infringement claim is barred, in whole or in part, because: (a) the alleged copyright and/or copyright registration lack originality or are not copyrightable; and/or (b) to the extent the copyright registration: (i) contains materials originally developed by persons or entities other than BATES; (ii) was

procured through the use of misstatements or omissions that were material to the registration and/or the purpose for which the registration is invoked in this action; and/or (iii) are otherwise invalid.

## **NINTH AFFIRMATIVE DEFENSE**
### **(Lack of Willfulness)**

9. Defendant has not willfully infringed or violated any of Plaintiffs' alleged rights.

## **TENTH AFFIRMATIVE DEFENSE**
### **(Innocent Intent)**

10. Without admitting infringement, Plaintiffs' damages, if any, should be mitigated in whole or in part based on the doctrines of innocent infringement or innocent intent.

## **ELEVENTH AFFIRMATIVE DEFENSE**
### **(Failure to Comply with Statutory Formalities)**

11. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to comply with the statutory formalities of the Copyright Act.

## **TWELFTH AFFIRMATIVE DEFENSE**
### (*De Minimis*/**Incidental Use**)

12. Plaintiffs' claims are barred, in whole or in part, because any use of Plaintiffs' alleged materials by Defendant was incidental and *de minimis* and is therefore not actionable.

## **THIRTEENTH AFFIRMATIVE DEFENSE**
### **(Good Faith)**

13. To the extent Defendant engaged in any act alleged by Plaintiffs, it did so innocently and in good faith.

## **FOURTEENTH AFFIRMATIVE DEFENSE**
### **(Failure to Mitigate)**

14. To the extent Plaintiffs suffered any damages, which Defendant expressly denies, Plaintiffs have failed to take the steps necessary to mitigate the damages sustained.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Trademark Misuse)

15. Plaintiffs are barred from any recovery by the doctrine of trademark misuse because Plaintiffs seek to hinder the sale of unrelated goods and merchandise by asserting trademark rights in unprotectable words, names, terms, and designs.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Abandonment of Trademarks)

16. Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' abandonment of their alleged trademarks as a result of Plaintiffs' failure to protect their marks.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Invalid Trademarks)

17. The trademarks asserted in the FAC are invalid because, *inter alia*, they have not become distinctive of Plaintiffs' goods in interstate commerce and/or acquired secondary meaning, and do not function as source identifiers.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

18. Plaintiffs' claims are barred, in whole or in part, because there is no likelihood of confusion caused by Defendant's alleged use of the claimed trademarks.

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Predicate Copyright Infringement)

19. Plaintiffs' CMI claims are barred, in whole or in part, because Defendant's alleged conduct does not constitute or facilitate copyright infringement.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Identical Copies)

20. Plaintiffs' CMI claims are barred, in whole or in part, because the accused products do not contain identical copies of Plaintiffs' alleged works.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not Domiciled in California)

21. NEKST's claim under Cal. Civ. Code § 3344.1 is barred, in whole or in part, because he was not domiciled in California at the time of his death.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Knowing Use)

22. Plaintiffs' claims are barred, in whole or in part, because Defendant did not make a knowing use of Plaintiffs' name, identity, or likeness.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Illegality)

23. Plaintiffs' claims are barred, in whole or in part, because of the illegality of Plaintiffs' conduct, including but not limited to the illegality of Plaintiffs' conduct in creating the subject matter at work in this suit.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

24. Defendant reserves all defenses under the Federal Rules of Civil Procedure, the copyright, trademark, unfair competition, and right of publicity laws of the United States and California, and any other defenses, at law or equity, that may now exist or in the future will be available based on discovery, investigation, or analysis in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Macy's, Inc. respectfully requests:

1. That Judgment be entered in favor of Defendant and against Plaintiffs on each and every one of Plaintiffs' causes of action and that Plaintiffs take nothing by their First Amended Complaint.

2. That the Court award Defendant its costs of suit and reasonable attorneys' fees and costs.

3. That the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated: March 21, 2024

BYRON RAPHAEL LLP

By: */s/ Jordan Raphael*

Attorneys for Defendants
Guess?, Inc. and Macy's, Inc.